**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SELMA DIVISION**

| | |
|---|---|
| **RONITA WADE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **CASE NO.** |
| **DARRIO MELTON, both in his** | ) |
| **individual and official capacity as Mayor** | ) |
| **of the City of Selma, and** | ) |
| **THE CITY OF SELMA,** | ) |
| | ) |
|     **Defendants.** | ) |

**COMPLAINT**

**I. JURISDICTION AND VENUE**

1. Plaintiff Ronita Wade files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), 42 U.S.C. § 1983 and 42 U.S.C. § 2000(e) et seq.), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, the First Amendment and Fourteenth Amendment to the U.S. Constitution, to obtain equitable relief, the costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. §1988, and compensatory damages suffered by the Plaintiff due to the Defendants' actions.

2. Venue is proper in the Selma Division of the Southern District of Alabama, since the Defendants reside and/or are located in Dallas County, Alabama; and the alleged discriminating actions of the Defendants occurred in Dallas County, Alabama.

**II. PARTIES**

3. The named Plaintiff, Ronita Wade (hereinafter "Plaintiff" or "Ms. Wade"), is a

citizen of the United States and a resident of Dallas County, Alabama. Plaintiff is over the age of nineteen years.

4. The Defendant Darrio Melton is a citizen of the United States and a resident of Dallas County, Alabama. Defendant Darrio Melton is over the age of nineteen and the current Mayor of the City of Selma, Alabama. He is named in both his individual and official capacities.

5. The Defendant, City of Selma (hereinafter "Defendant City" or "City of Selma"), is a municipality located in Dallas County, Alabama. At all times relevant to this complaint, Plaintiff was employed by the Defendant City of Selma as the City Treasurer. The Plaintiff's claims are brought pursuant to 42 U.S.C. §1983, and against Defendant Darrio Melton for an unauthorized violation of Plaintiff's constitutional rights, and in his official capacity, which is also a claim against the municipality of Selma.

### III.   UNDERLYING FACTS

6. On or about August 26, 2014, the City Council of Selma appointed Ronita Wade as the Treasurer of the City of Selma, an official position subject to laws of the Code of Alabama (1975).

7. In July, 2016, Darrio Melton, while a candidate for Mayor of the City of Selma, approached Ms. Wade, as Treasurer for the City of Selma, and asked Ms. Wade numerous questions concerning the City of Selma's finances, including specific questions concerning the City of Selma's budget, revenue and expenses.

8. Darrio Melton further requested that Ms. Wade provide him with this information as he was a candidate for the upcoming election for Mayor of the City of Selma.

9. Ms. Wade responded that, while this and other information was public record upon proper request made to the City of Selma, Ms. Wade advised Defendant Melton that she did not believe it proper to discuss the City's finances with any mayoral candidate.

10. Ms. Wade advised Defendant Melton that she would discuss the City's finances and other said related matters with him only after the election, and only should he win the election. She further avoided providing information to Defendant Melton as to any candidate she might favor in the mayoral race, but said avoidance likely informed Mr. Melton that he was not Plaintiff's favorite.

11. On or about November 10, 2016, after winning the City of Selma's mayoral election, Defendant Melton took office as Mayor of the City of Selma.

12. Immediately after taking office, Defendant Melton advised one or more individuals that his first order of business was to remove Plaintiff Wade from her position as Treasurer of the City of Selma.

13. In addition, as Mayor of the City of Selma, Defendant Melton took a number of immediate and continuing actions against Plaintiff Wade, severely limiting her abilities to perform her many duties and responsibilities as Treasurer of the City of Selma, including but not limited to the following: (a) removing Ms. Wade from necessary communications and meetings of the Selma City officials directly involving the City's Treasury; (b) prohibiting Ms. Wade from working in her office as City Treasurer after 4:30 p.m.; (c) meeting with members of the City Treasurer's Office without Ms. Wade's knowledge and/or presence; (d) excluding Ms. Wade from Department head meetings; (e) removing Ms. Wade's office equipment, files and/or computers; and (f) precluding Ms. Wade's access to information and documents necessary for Ms. Wade to perform her many duties and Treasurer for the City of Selma. All of the aforesaid

actions and/or inactions have occurred for as long as Ms. Wade continued in office well into 2019.

14. On September 19, 2017, Defendant Melton placed Ms. Wade on involuntary administrative leave, thus removing her from her duties as Treasurer of the City of the Selma. A week later, on September 26, 2017, Plaintiff Wade was terminated by Defendant Melton.

15. On October 2, 2017, Ms. Wade appealed her termination to the Selma City Council, and Plaintiff Wade was reinstated as Treasurer by vote of the Selma City Council on October 10, 2017. //?/

16. Immediately upon her reinstatement, Defendant Melton ignored the vote of the Selma City Council and placed Plaintiff Wade back on "administrative leave with pay," with the same constituting a defacto termination, as Ms. Wade was unable to perform her duties as Treasurer. By December 22, 2017, Plaintiff Wade was again terminated by Defendant Melton.

17. Hence in January, 2018, Plaintiff Wade appealed again to the City Council of Selma to reinstate her, and, after a hearing on February 13, 2018, Plaintiff was in fact reinstated as Treasurer by a vote of the City of Selma City Council.

18. Plaintiff Wade immediately returned to her Treasurer position with the City of Selma but was again frustrated by Defendant Melton and City officials working at his behest. Said Defendant Mayor, acting in bad faith, did not like being challenged by the Treasurer on his personal misuse of City of Selma funds, as well as engaging in pay-roll matters without City Council approval.

19. From February 2018, until September 2018, Plaintiff attempted to perform the duties of her office as Treasurer, but on September 26, 2018, the date the City of Selma budget

was due to be passed, Defendant Melton once again placed the Plaintiff Wade on paid leave of absence, with the pretext that Plaintiff was "under investigation."

20. Thus, Defendant Melton continued to undermine Plaintiff and her duties as Treasurer for many months with false allegations that Plaintiff Wade was "under investigation." However, Plaintiff has never been informed by any government entity that she was "under investigation" or that she had violated any law.

21. On November 13, 2018, Plaintiff appeared before the Selma City Council for the third time in 13 months, again seeking reinstatement by vote of the City Council. Her attorney again spoke on her behalf. However, given the recurring nature of this matter, the City Council deferred voting and decided to assign the matter to an insurance attorney for further consideration. Nonetheless, many if not all of the City Council members either expressed or supported the view that an injunction against Mayor might be appropriate. Further, Plaintiff avers that many of the City Council believed the Mayor was acting in bad faith by violating and ignoring the City Council's votes to reinstate the Plaintiff as Treasurer.

22. On November 20, 2018, Plaintiff Wade filed a declaratory judgement action in the Circuit Court of Dallas County, Alabama, asking the Court to determine Plaintiff Wade's rights to serve as City Treasurer as appointed by the City Council of Selma, and any other relief necessary to resolve the continuing dispute. (Case No. 27-CV-2018-900283).

23. On May 6, 2019, Court entered a preliminary judgment enjoining Defendant Melton, and returning Plaintiff Wade to the "full performance of her duties as Treasurer of the City of Selma."

24. On July 16, 2019, following a hearing of all parties, the Court entered a final judgment declaring Plaintiff Wade should serve as the Treasurer of the City of Selma as

appointed by the City Council of Selma, and making final and permanent the Court's preliminary judgment entered on May 6, 2019, enjoining Defendant Melton.

25. Defendant Melton has appealed the Final Judgment entered by the Alabama Circuit Court on July 16, 2019, and continues to take actions against Plaintiff Wade severely limiting her abilities to perform her many duties and responsibilities as Treasurer for the City of Selma.

## IV. PLAINTIFF'S CLAIMS

## COUNT ONE – VIOLATION PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH

26. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 25 above, the same as if more fully set forth herein.

27. Plaintiff advised Defendant Melton that she did not believe it proper to discuss the City's finances with any mayoral candidate, and that she would discuss the City's finances and other said related matters with Defendant Melton only after the election, and only should he win the election.

28. Following the election, Defendant Melton, acting individually and/or in his official capacity as Mayor of the City of Selma, wrongfully took immediate actions against Plaintiff Wade, severely limiting her abilities to perform her many duties and responsibilities as Treasurer for the City of Selma; placing Plaintiff Wade on leave; falsely alleging that Plaintiff Wade was "under investigation;" while wrongfully attempting to terminate Plaintiff Wade, all in violation of her constitutionally protected right of free speech.

29. As the direct and proximate result of Defendant Melton's actions, Plaintiff has incurred, and is currently incurring, damages in an amount to be proved at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant the following relief:

a) An award of compensatory damages, including damages for mental anguish, to which Plaintiff may be entitled;

b) Injunctive and equitable relief;

c) An award of all court costs and reasonable attorneys' fees; and

d) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT TWO – VIOLATION OF FIRST AMENDMENT RIGHT TO FREEDOM OF POLITICAL ASSOCIATION

30. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29 above, the same as if more fully set forth herein.

31. Plaintiff advised Defendant Melton that she did not believe it proper to discuss the City's finances with any mayoral candidate, and that she would discuss the City's finances and other said related matters with Defendant Melton only after the election, and only should he win the election.  Such as position by the Plaintiff communicated to Defendant Melton that Plaintiff must be supporting one of the two rivals for mayor, or that she at least was not supporting Defendant Melton.

32. Following the election, Defendant Melton, acting individually and/or in his official capacity as Mayor of the City of Selma, wrongfully took immediate actions against Plaintiff Wade, severely limiting her abilities to perform her many duties and responsibilities as Treasurer for the City of Selma; placing Plaintiff Wade on leave; falsely alleging that Plaintiff Wade was "under investigation;" while wrongfully attempting to terminate Plaintiff Wade, all in violation of her constitutionally protected right of freedom of political association.

33. As the direct and proximate result of Defendant Melton's wrongful actions, Plaintiff has incurred, and is currently incurring, damages in an amount to be proved at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant the following relief:

    a) An award of compensatory damages, including damages for mental anguish, to which Plaintiff may be entitled;

    b) Injunctive and equitable relief;

    c) An award of all court costs and reasonable attorneys' fees; and

    d) Such further, other and different relief as the Court may deem appropriate and necessary.

## V. JURY DEMAND

**Plaintiff hereby requests trial by jury on all issues so triable**.

Respectfully submitted this 9th day of September, 2019.

    /s/ Julian L. McPhillips, Jr.
Julian L. McPhillips, Jr. (ASB-3744-L74J)
Counsel for Plaintiff

    /s/ K. David Sawyer
K. David Sawyer (ASB-5793-R61K)
Counsel for Plaintiff

**OF COUNSEL:**

**Julian L. McPhillips, Jr.**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321     FAX
julianmcphillips@msg-lawfirm.com

**K. David Sawyer, Attorney at Law**
516 South Perry Street
Montgomery, Alabama 36104
(334) 356-4301
(334) 263-2321          FAX
kdsawyer64@outlook.com


THE NAMED DEFENDANTS WILL BE SERVED BY PROCESS SERVER:

Darrio Melton
City of Selma
Attn: City Clerk
City Hall
222 Broad Street
Selma, Alabama  36701


City of Selma
Attn: City Clerk
City Hall
222 Broad Street
Selma, Alabama   36701