IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONITA WADE,<br>    Plaintiff,<br><br>v.<br><br>DARRIO MELTON, both in his individual<br>And official capacity as Mayor of the City<br>Of Selma; and THE CITY OF SELMA<br>    Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:19-cv-623-KD-MU<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER

This matter is before the Court on Plaintiff Ronita Wade's Objection and/or Motion to Quash Subpoenas. (Doc. 40).[1] The subpoenas are directed at "Tracy Lollis, FBI Mobile Office; Joseph Simmon, FBI Mobile Office; Representative/Custodian of Records, FBI Mobile Office; Representative/Custodian of Records, FBI Montgomery Office; Representative/Custodian of records, FBI Selma Office; Jim Murry, Alabama Attorney General's Office; Representative/Custodian of Records, Alabama Attorney General's Office; and Representative/Custodian of Records, Examiners of Public Accounts." (Doc. 40 at 1). The subpoenas are not directed at Plaintiff Ronita Wade.

Generally, "a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a personal right or privilege relating to the documents being sought." Bahrami v. Maxie Price Chevrolet-Oldsmobile Inc., 2013 WL 3800336, at *2 (N.D. Ga. June 19, 2013) (quoting Maxwell v. Health Ctr. of Lake City, Inc., 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) (citations omitted)). In other words, "standing exists if the party alleges

---

[1] In light of this Order, the Court's previous order (Doc. 41) requiring Defendants reply to Plaintiff's motion (Doc. 40) is **WITHDRAWN**.

1

a 'personal right or privilege' with respect to the subpoenas." Auto–Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979)[2]). Accord Rice v. Reliastar Life Ins. Co., 2011 WL 4596118, at *2 (M.D. Fla. Oct. 3, 2011) ("standing exists if the party alleges a 'personal right or privilege' with respect to the subpoenas."). Here, Wade has not argued that a "personal right or privilege" exists necessary to confer standing. Accordingly, Plaintiff Ronita Wade's Objection and/or Motion to Quash Subpoenas (Doc. 40) is **DENIED** for lack of standing.[3]

**DONE** and **ORDERED** this the **18th** day of **February 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc* ), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] As to Wade's objection based on relevancy, the Court preliminarily determines (subject to reconsideration) that information pertaining to a criminal investigation that was in process at the time Wade was allegedly terminated *because of* an ongoing criminal investigation is relevant.